UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 13-cr-00276

VERSUS

AVERY JON VINCENT          MAGISTRATE JUDGE HANNA

# MEMORANDUM RULING

Before the court is the Defendant's Motion to Produce, or alternatively Motion in Limine [Rec. Doc. 20]. The motion calls for the government to produce items in the following categories:

    1. Any/all rough notes taken by law enforcement officers regarding the investigation of the captioned matter;
    2. Any/all recorded audio and/or written statements of all Alaskan authorities involved in the matter;
    3. Any/all recorded audio and/or written statements of all Louisiana authorities involved in the matter;
    4. Any/all color photographs of all seized evidence and/or property of the defendant;
    5. All documentation and recordations of communications/contact made with the defendant;
    6. Identification of all Alaskan authorities consulted with in the investigation;
    7. Any/all driver's license applications completed by Defendant for the State of Alaska;
    8. Any/all hunter's license applications completed by Defendant for the State of Alaska;
    9. The names of any Alaska Wildlife Agents or other law enforcement officers who have been/may be involved in investigation of the captioned matter which could subject Defendant to any violation/penalties under Alaska laws.

2

The defendant has argued that the requested information and evidence is paramount to his case and is material and discoverable and must be produced by the government in accordance with *Brady*[1]. [Rec. Doc. 20, p. 2]

Rule 16 of the Federal Rules of Criminal Procedure is the primary rule governing pretrial discovery in criminal cases.  It describes the types of items that are discoverable to a criminal defendant.  It requires certain pretrial disclosures that are likely to provide a fair and expeditious trial.  The requirements of the rule, unlike the government's constitutional requirements, are triggered only by a request by the defense.  Rule 16(a) generally obligates the government to produce, upon request by the defense, written or recorded statements by the defendant and documents, photographs and other physical evidence in possession of the government which is material to the defense or which the government plans to use in its case-in-chief or which belongs to the defendant.  The rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney or other government agent in connection with investigating or prosecuting the case.  The issues raised in the instant motion fall within the general scope of Rule 16.

---

[1] Due Process requires disclosure of any evidence favorable to the accused that is possessed by the prosecution and is material to either guilt or punishment. See *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215(1963).

3

In response to the motion and prior informal requests, the government filed a written opposition to some aspects of the motion on December 13, 2013. [Rec. Doc. 23] In that document, and in other declarations made to the court, the United States has disclosed that some of the requested items are not in possession of the U.S. Attorney's Office, but that efforts would be made to contact appropriate Alaskan authorities in an attempt to obtain them.  The record confirms that those efforts were undertaken and additional production was made by the government.

More recently the parties have discussed with the undersigned the issues raised in the motion and their respective positions regarding each in telephone status conferences on January 7 and January 23, 2014.  The court has been informed that most productions have been made by the government, while objections are maintained as to others.

As to Category 1, the government objects to production of the rough notes taken by law enforcement officers regarding the investigation of this matter. Specifically the government urges that the 'rough notes' are not signed or approved by the agents/officers, and they are not discoverable, even as *Jencks* material.  The case agent's reports, generated from his notes taken during the investigation, have been provided to the defense in advance of the normal *Jencks* deadline (the Friday before trial).  Therefore, per the government, the defendant

4

has the requested information in the form of formal, signed reports of the agent, consistent with the requirements of Rule 16.

It is well settled that under the *Jencks* Act, "the government must produce any statement in its possession relating to the subject matter of the testimony of a witness who has taken the stand for the government." *United States v. Conroy*, 589 F.2d 1258, 1272 (5th Cir.1979). However, "[t]he Jencks Act applies only to a written statement 'signed ... or approved' by the witness." *United States v. Jimenez*, 509 F.3d 682, 694 (5th Cir.2007) (citing 18 U.S.C. § 3500(b), (e)(1)). A government agent's notes which do not fit this description are not discoverable. *Id*. The motion is therefore denied as to this category.

As to Category 2, the government represents and the court understands that recorded audio statements of all Alaskan authorities involved in the matter (five recordings) have been produced to the defense. Written statements have not been produced, with the government's declaration that they are protected as *Jencks* Act materials. The court agrees that the defendant is not presently entitled to such material. The *Jencks* Act provides that no statement or report made by a government witness may be the subject of discovery until the witness "has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. While the Fifth Circuit encourages the "salutary practice" of tendering the *Jencks* Act

5

material prior to a witness testifying, it has held that early disclosure is not required by the *Jencks* Act or Rule 26.2. *See United States v. Campagnuolo*, 592 F.2d 852, 858 n. 3 (5th Cir.1979). The motion is therefore denied as to this category. Nevertheless, given the geographical and logistical challenges presented by the circumstances of this case, the court will consider departing from the usual 'eve of trial' production deadline should the government decide to call the Alaskan officers as witnesses for trial.

As to Category 3, the government has represented that there are no items responsive to the defendant's request for any/all recorded audio or video interviews by Louisiana authorities involved in the matter, since interviews in Louisiana were not recorded. The government further declares that the written reports of Louisiana agents have been provided in discovery and any additional reports will be produced as *Jencks*. The motion is denied as to this category.

As to Category 4, the government represents and the court understands that any/all color photographs of all seized evidence and/or property of the defendant relative to the instant charged conduct has been produced. The motion is therefore denied as moot as to this category.

As to Category 5, the court understands that the government knows of no documentation and/or recordings of communications/contact made with the

defendant in Louisiana or Alaska.  The defendant has offered no detail regarding communications thought to exist, but which have not been produced.  The motion is therefore denied as moot as to this category.

<u>As to Categories 6 and 9</u>, the court understands that all Alaskan authorities who assisted in the instant investigation have been identified by the government to the defendant.  The motion is therefore denied as moot as to these categories.

<u>As to Categories 7 and 8</u>, the government has declared that it does not possess the defendant's hunter's license application.  The government adds, and the court understands that the defendant's hunting license application is available to the defendant by subpoena upon WalMart in Alaska, where the application was completed.  However, that which the government does obtain that is responsive to this request will be produced.

The court further understands that the defendant's application for a Alaskan driver's license is not currently in the possession of the government, which has only the defendant's Alaska driver's license and that has been produced. Likewise, the government has indicated it will produce upon receipt copies of the Alaska voter registration records of the defendant. The court finds that the defendant is entitled to production of the requested document(s) on receipt by the government.

7

Therefore, considering the foregoing, the motion is denied as moot as to those items already produced by the government. The motion is denied as to that which has not yet been produced in response to Categories 1, 2 and 3 subject to production in accordance with *Jencks*. The government is ordered to produce that which it is awaiting receipt responsive to Category 8. Based on these rulings, the Motion in Limine is also denied as moot.

Signed at Lafayette, Louisiana this 5th day of February, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge